IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAT MAYS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-1131-SMY |
| | ) |
| LEWIS AND CLARK COMMUNITY COLLEGE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Pat Mays filed this *pro se* action against Defendant Lewis and Clark Community College, claiming the college denied him access to his personal employment and medical records. Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 4) and motion for service of process at government expense (Doc. 5) are now before the Court. For the following reasons, the motions are **DENIED**, and the Complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). May has demonstrated his indigence and inability to pay the costs of commencing his lawsuit through his motion and accompanying affidavit. However, the Court's inquiry does not end with a determination of indigency.

Section 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

Mays alleges that on March 20, 2024, Defendant denied him access to his personal employment file. On April 3, 2024, he formally requested a copy of his workplace injury and other medical records. When Mays received the file, he discovered a fraudulent conduct workplace reprimand had been placed in it. Mays seeks back pay, reinstatement to his former position, costs of litigation, and money damages.

Federal courts are courts of limited jurisdiction. As such, to proceed in federal court, Mays must establish that the Court has subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Mays' Complaint does not state a claim under federal laws, nor has he alleged diversity jurisdiction.

Accordingly, Plaintiff's Complaint (Doc. 3) is **DISMISSED with prejudice** and the motion to proceed *in forma pauperis* (Doc. 4) and the motion for service of process at government expense (Doc. 5) are **DENIED**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED:** September 22, 2025

**STACI M. YANDLE**
**United States District Judge**